UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN SANDY,

                              *Plaintiff*,                        **COMPLAINT**

                                  v.                                   Civil Action No.

CITY OF SALAMANCA, POLICE                            _____
DEPARTMENT,

                                  *Defendant*.

Plaintiff John Sandy ("Plaintiff" or "Mr. Sandy") alleges as follows:

## PARTIES

1. The Plaintiff, John Sandy, is a natural person with a place of residence at 521 Weeks St., Jamestown, NY 14701.

2. On information and belief, Defendant City of Salamanca ("Defendant" or "the City"), is public entity with offices located at 712 City Hall, 225 Wildwood Ave. Salamanca, NY, 14779.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §§ 2000e to 2999e-17 (amended 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166), §1983 and §1985.

4. Defendant is subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

6. Plaintiff filed a charge of discrimination with the New York Division of Human Rights (DHR) and the Equal Employment Opportunity Commission (EEOC). The DHR cross filed the Complaint with the EEOC as Federal Charge No. 16G-2021-00340.

7. Subsequently, the EEOC mailed Plaintiff a 'Right to Sue' letter proving that he has exhausted his administrative remedies under Title VII.

## FACTUAL BACKGROUND

8. Mr. Sandy is of Asian descent.

9. Mr. Sandy is a police officer for the city of Salamanca.

10. Mr. Sandy was initially employed as a police officer in 2008.

11. In 2010 Mr. Sandy was laid off from his position.

12. Mr. Sandy possessed a property interest and contract right to be recalled from layoff in reverse seniority order.

13. The reason given for this layoff was budget cuts.

14. Other officers were laid off at the same time.

15. After more funding became available, officers called back from their layoffs.

16. None of these officers Asian.

17. In addition, Defendant hired at least seven more new officers in the period between 2011 2014.

18. None of these officers are Asian.

19. Mr. Sandy spoke to officers of Defendant's Police Department, including chief beliefs multiple times to ask when he was going to be recalled from his layoff.

20. Defendant chose not to recall Mr. Sandy from the layoff.

21. Defendant's choice was discriminatory.

22. It is based on Mr. Sandy's race and further violated his contractual and constitutional rights.

23. Now, Mr. Sandy is employed at the Police Department as an officer.

24. Mr. Sandy was told that he had to reapply as a "new hire."

25. No other officers were laid off in 2010 had to reapply as a "new hire."

26. He was rehired in 2016.

27. As a consequence, Mr. Sandy has less seniority and receives less pay and many other benefits than other officers who recalled from the 2010 layoff, and all of those officers who were hired after the 2010 layoff.

28. Consequently, each paycheck that Mr. Sandy receives is less than that received by individuals who were hired in the 2011 to 2014.

## FIRST CAUSE OF ACTION
### Discrimination in Violation of Title VII of the Civil Rights Act of 1964

29. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

30. The *prima facie* elements of discrimination claims under ADA are "not onerous."[1]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[2]  Circumstantial evidence is by far the most common.  A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1)

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[2] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).

identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[3]

31. As to the first element, that he is a member of a protected class: Mr. Sandy is of Asian descent which is a protected classes.

32. As to the second element, that he suffered an adverse employment action: Mr. Sandy was laid from his employment with Defendant. Mr. Sandy with not recalled from layoff as contracting and constitutional required. Mr. Sandy also receives less pay each month than other officers who were not so discriminated against.

33. As to the third element, that he is a) qualified for his job: Mr. Sandy had all of the educational, experiential, and credential requirements of the position and passed the agility and civil service test, twice. Further, he is successfully employed in that position now. In addition, b) the work of police officers is always being performed, and Defendant recalled other officers from layoff and made at least seven new hires immediately following layoff.

34. Further, Defendant gave preferential treatment to Caucasian employees and terminated non-Caucasian employees of the Plant department at a disparately higher rate than Caucasian employees.

## SECOND CAUSE OF ACTION
### Violation of §1981

35. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

36. To establish a prima facie case of violation of §1981, a plaintiff must show: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities

---

[3] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

enumerated in the statute...." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993)

37. As to the first element, that he is a member of a protected class: Mr. Sandy is of Asian descent which is a protected classes under § 1981.

38. As to the second element, that Defendant intended to discriminate on the basis of race: Defendant laid off Mr. Sandy refused to call him back from layoff and hired less senior Caucasian employees to replace Mr. Sandy. *See Zimmermann v. Assocs. First Capital Corp.,* 251 F.3d 376, 381 (2d Cir.2001) ("The mere fact that plaintiff was replaced by someone outside the protected class will suffice for the required inference of discrimination at the prima facie stage").

39. Further, Defendant gave preferential employment to Caucasian employees and terminated non-Caucasian employees of the Plant department at a disparately higher rate than Caucasian employees.

40. As to the third Element, Mr. Sandy alleges that the aforementioned actions have deprived him of his right to "make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property" 42 U.S.C. § 1981.

41. Specifically, Defendants have denied him the right to his employment contract and have also denied him due process and the equal protection of the laws by refusing to call back from layoff as his contract civil service law require as well as his Right under the NYS Constitution that his civil service employment be operated as a meritocracy.

## THIRD CAUSE OF ACTION
### § 1983 Violation of Due Process

42. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

43. In order to establish a violation of §1983 "two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980)

44. the Defendant City of Salamanca is a public employer.

45. Mr. Sandy has a property interest in his civil service appointment as a police officer.

46. Because of this property interest, Defendant cannot lawfully deprive Mr. Sandy of his employment, except for cause, so long as the work he was performing still needs to be done.

47. Defendant's refusal to recall Mr. Sandy from layoff is an official act municipal government and therefore under color of law.

## FOURTH CAUSE OF ACTION
### § 1983 Violation of Equal Protection

48. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

49. In order to establish a violation of §1983 "two-and only two-allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923, 64 L. Ed. 2d 572 (1980)

50. Defendant, City of Salamanca, is a public employer.

51. Mr. Sandy has a Constitutional Right to Equal Protection under the laws of any government body in this country.

52. Mr. Sandy alleges that Defendants deprived him of his property, his appointment as a police officer, because of his race.

53. No government body may lawfully deprive an individual of his property on the basis of race, unless the deprivation is narrowly tailored to achieve a compelling government goal.

54. Defendant's refusal to recall Mr. Sandy from layoff is an official act municipal government and therefore under color of law.

## FIFTH CAUSE OF ACTION
## Violation of NYS Contract Law

55. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

56. Plaintiff further alleges that defendant violated his union contract by refusing to phone back from layoff. This is a violation of New York State contract law.

57. As a result of Defendants' actions, Mr. Sandy experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

***

**WHEREFORE**, Plaintiff respectfully requests this Court to enter an Order:

A. Awarding Plaintiff past lost wages and benefits in an amount to be determined at trial and ordering Defendant to reinstate plaintiff to the appropriate seniority that he should have had but for Defendant's illegal acts;

B. Awarding Plaintiff damages for his pain, suffering, loss of enjoyment of life, humiliation, and other injuries in an amount to be determined at trial;

C. Directing Defendant to pay all unreimbursed medical costs incurred by Plaintiff as a result of the stress and anxiety resulting from the discrimination he suffered and the hostile working conditions he endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D. Defendant to pay Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements;

F. Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: July 20, 2021

Respectfully submitted,
Plaintiff
By his Attorneys

| | |
|---|---|
| _s/Lindy Korn_____ | s/ Richard J. Perry_____ |
| Lindy Korn, Esq. | Richard J. Perry, Esq. |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |
| The Law Offices of Lindy Korn | The Law Offices of Lindy Korn |
| Electric Tower | Electric Tower |
| 535 Washington Street, Ninth Floor | 535 Washington Street, Ninth Floor |
| Buffalo, New York 14203 | Buffalo, New York 14203 |
| Telephone: (716) 856-5676 | Telephone: (716) 856-5676 |
| Facsimile: (716) 507-8475 | Facsimile: (716) 507-8475 |
| LKorn@LKorn-law.com | RPerry@LKorn-law.com |